```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

DEWAYNE JACKSON, #39971                                        PLAINTIFF

VERSUS                         CIVIL ACTION NO.  3:06cv705-WHB-LRA

CHRISTOPHER EPPS, JANE MAPP,
BOBBY TWINER, JOHNNY CROCKETT,
MARGARET BINGHAM, BETTY PHILLIPS,
LAQUINTA WRIGHT, AND JAMES WOOLPOLK                            DEFENDANTS


                   MEMORANDUM OPINION AND ORDER

     This cause is before the court, sua sponte, for consideration of dismissal.  Plaintiff Dewayne Jackson filed this complaint pursuant to 42 U.S.C. § 1983.  In his complaint, the Plaintiff states that he is an inmate incarcerated in the Kemper-Neshoba Regional Correctional Facility, DeKalb, Mississippi.  The named Defendants are Christopher Epps, Jane Mapp, Bobby Twiner, Johnny Crockett, Margaret Bingham, Betty Phillips, Laquinta Wright, and James Woolpolk.  The Plaintiff seeks as relief that he be released immediately and receive monetary damages for each day that he is "unlawfully confined."

                            Background

     On October 25, 2000, the Plaintiff states that he began serving a seven-year sentence.  He was released on December 28, 2004, to complete his sentence in the Earned Released Supervision (ERS) Program.  The Plaintiff complains that his release date for completing the ERS program was incorrect and even though he

brought this to the attention of his parole officer, Defendant Wright, it was never corrected.

According to the complaint, the Plaintiff reported to his parole officer, Defendant Wright, from January 2005 through October 2005.  In November 2005, the Plaintiff was informed by Defendant Wright that his new parole officer was Defendant Woolfolk.  The Plaintiff claims that he attempted to report to him.  However, when Defendant Woolfolk was not available, the Plaintiff signed the log-in sheet and left because he thought that Defendant Woolfolk would contact him.  The Plaintiff states that Defendant Woolfolk never did contact him.  The Plaintiff asserts that on May 3, 2006, he was arrested for violating the ERS program.  He was given a disciplinary hearing on June 12, 2006, where he was apparently found guilty of violating the conditions of the ERS program.

The Plaintiff argues that even though he completed his sentence sometime in May or July 2005, he continued to meet with Defendant Wright through October 2005.  Therefore, the Plaintiff contends that he was not in violation of the ERS program when he failed to report from December 2005 until his arrest in May 2006.

Additionally, the Plaintiff argues that his present release date calculated by the Mississippi Department of Corrections of September 8, 2007, is incorrect.  The Plaintiff contends that he should be released on April 23, 2007.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the Plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case.  As discussed below, the Plaintiff's § 1983 action at this time fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

Initially, this court must decide whether the Plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983. Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)).  The Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus.  Id. (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)).

If proven, the Plaintiff's claim that he should be released, could result in the Plaintiff receiving an early release. With this in mind, this court has determined that the Plaintiff must first pursue this cause by filing a petition for habeas relief.

Since the Plaintiff must pursue this matter through habeas corpus, the Plaintiff is required to exhaust his available state remedies prior to filing a petition for habeas relief in this court. Preiser v. Rodriguez, 411 U.S. 475 (1973); Thomas v. Torres, 717 F.2d 248, 249 (5th Cir. 1983). Having reviewed the allegations, there are no allegations asserted that establish that he has presented this claim to the state courts. Consequently, the Plaintiff has not yet satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A).

The Plaintiff has an available state remedy under the Mississippi Post-Conviction Collateral Relief Act, MISSISSIPPI CODE ANNOTATED §§ 99-39-1 to -29(1972), as amended. See also Burch v. State, 929 So.2d 394, 397-98 (Miss. 2006).[1] Once he has exhausted his available state remedies, and if he does not receive the requested relief in state court, the Plaintiff may

---

[1]According to the Certificate attached to the instant complaint and the plaintiff's allegations in his complaint, the plaintiff has presented this claim to the Mississippi Department of Corrections through the Administrative Remedies Program which stated in the Certificate that the plaintiff's time has been correctly calculated.

then file a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in this court.

## Conclusion

Liberally construing this complaint, this Court finds that Plaintiff is putting into issue the fact of his confinement. Consequently, the Plaintiff has failed to present a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## Three-strikes

Since this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), it will be counted as a "strike".[2] If the Plaintiff receives "three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this memorandum opinion and order shall issue.

This the 27th day of February, 2007.

          s/William H. Barbour, Jr.
           UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.