IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DEWAYNE JACKSON                                                                                        PLAINTIFF

VERSUS                                                          CIVIL ACTION NO.  3:06cv705-WHB-LRA

CHRISTOPHER EPPS,  et al.                                                                        DEFENDANTS

ORDER

This matter is before the Court on the petitioner's letter motion to reconsider [10-1] filed March 14, 2007, requesting that this Court reconsider the Memorandum Opinion and Final Judgment filed February 27, 2007.

Even though "[t]he Federal Rules do not recognize a `motion for reconsideration' *in haec verba.*" Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), "[i]f the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." Id.  Because the plaintiff's motion was filed more than ten days after the entry of the judgment, this motion is construed as a motion pursuant to Rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE. See Texas A&M Research Found. v. Magna Transp. Inc., 338 F.3d 394, 400 (5th Cir. 2003).

A party seeking relief under Rule 60(b) must show:  (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);  (3) fraud, . . . misrepresentation, or other misconduct of an adverse party;  (4) the judgment is void;  (5) the judgment has been satisfied . . .;  or (6) any other reason justifying relief from the operation of the judgment.  FED. R. CIV. P. 60(b).  The petitioner does not assert any of the grounds required by Rule 60(b).

To the extent the petitioner is asserting that his motion to reconsider is filed pursuant to

Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE, his motion fares no better.  The United States Court of Appeals for the Fifth Circuit has stated that when deciding a motion filed pursuant to Rule 59(e), a district court should consider the following non-inclusive factors: (1) the reasons for the plaintiffs' default;  (2) the importance of the evidence to the plaintiffs' case;  (3)  whether the evidence was available to the plaintiffs before they responded to the underlying motion; and  (4)  the likelihood that the defendants will suffer unfair prejudice if the case is reopened.  Sturges v. Moore, No. 02-61023, 2003 WL 22100834, at *1 (5th Cir. Sept. 11, 2003)(citing Ford v. Elsbury, 32 F.3d 931, 937-38 (5th Cir. 1994).  Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion.  Atkins v. Marathon LeTorneau Co., 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990).  "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."  Id.

The plaintiff argues that he was told that when he exhausted his Administrative Remedies he could file a complaint pursuant to 42 U.S.C. § 1983.  As discussed in the memorandum opinion [8-1] filed April 27, 2007, the issue presented to this court by the plaintiff in his complaint placed into issue the fact of his confinement and as such, he must pursue such a claim through a habeas petition after his exhausted his available state court remedies.  The Court having thoroughly reviewed the instant motion and the plaintiff's complaint has determined that the correct legal finding was issued in this cause.  Therefore, since  the plaintiff has failed to meet the requisite legal standard for the Court to grant a motion to reconsider, it is denied.  Accordingly, it is,

   ORDERED AND ADJUDGED that petitioner's motion to reconsider [10-1] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that the Clerk mail to the plaintiff at his last known address a set of forms used to file a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

SO ORDERED, this the 27th day of April, 2007.

      s/William H. Barbour, Jr.
      UNITED STATES DISTRICT JUDGE